UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| K-2 CORPORATION, an Indiana corporation,<br>19215 VASHON HIGHWAY SW<br>VASHON, WA 98070<br>                Plaintiff,<br>v.<br><br>GOODWELL INTERNATIONAL LIMITED,<br>a Virgin Islands (Br.) Limited Company<br><br>NEIL PRYDE LIMITED, a Hong Kong corporation<br>                Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENT<br><br>Civil Action No.: |

Plaintiff, K-2 Corporation ("K-2"), complains against Goodwell International Limited ("Goodwell") and Neil Pryde Limited ("Neil Pryde") as follows:

## THE PARTIES

1. K-2 is a corporation organized under the laws of the State of Indiana and having a place of business at 19215 Vashon Highway SW, Vashon, Washington 98070.

2. On information and belief, Defendant Goodwell is a foreign limited company organized under the laws of the British Virgin Islands, and having a place of business at Columbus Centre Building, Road Town, Tortola, Virgin Islands (Br.)

3. On information and belief, Defendant Neil Pryde is a foreign corporation organized and existing under the laws of Hong Kong, and having a place of business at 20/F YKK Building - Phase 2, 2 San Lik Street, Tuen Mun, Hong Kong.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201(a) and 2202, because, as set forth below, an actual controversy exists which requires this Court's intervention.

5. In addition, this Court has original jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1338(a), because this is an action relating to patents.

6. On information and belief, foreign entities Goodwell and Neil Pryde have not designated a person to receive process in actions affecting patent rights, and therefore this Court has personal jurisdiction over Defendants Goodwell and Neil Pryde pursuant to 35 U.S.C. § 293.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(d), and also pursuant to 35 U.S.C. § 293.

## FACTUAL ALLEGATIONS

A.  **Factual Background**

8. The patent-at-issue in this matter is U.S. Patent No. 5,971,423 (the "'423 Patent"), issued on October 26, 1999, and titled "Binding for Athletic Gear." ('423 Patent at Exhibit A).

9. The '423 Patent indicates on its face that it is assigned to Goodwell International Ltd., Tortola, Virgin Islands (Br.), and the assignment records of the U.S. Patent and Trademark Office are consistent therewith.

10. On July 20, 2004, Mr. Neil Pryde, Managing Director of Neil Pryde Limited, sent a registered letter to K-2 alleging "[w]e own all right, title and interest in United States patent number 5,971,423 issued on October 26, 1999." (July 20 Letter at Exhibit B).

11. In the July 20 Letter, Neil Pryde states that "[w]e would like to discuss possible infringement of this patent by the new K2 rear entry binding."

12. On September 2, 2004, Michael Flint, an attorney with the European intellectual property law firm Marks & Clerk sent a letter to K-2 on Neil Pryde's behalf alleging that the K-2 binding marketed under the trademark "CINCH" (the "CINCH Binding") "appears to have all of the elements in at least claim 1 of US patent 5,971,423" and "[t]he fact that the CINCH binding

2

is covered by various patents is not a bar to infringement of the Neil Pryde Limited patents." (September 2 Letter at Exhibit C).

13. On November 19, 2004, Anthony Scaturro, Division Manager - Flow International, Neil Pryde Limited, sent a letter to K-2 wherein: (a) he alleges that the invention of the '423 Patent is found in the CINCH Binding; (b) he demands that K-2 take a license on Neil Pryde's terms; and he states "[w]e think that it is important to act immediately to establish a relationship between Neil Pryde Limited and K2 Corporation or seek alternative options available to us in order to protect our assets." (November 19 Letter at Exhibit D).

14. On January 7, 2005, Neil Pryde's attorney, Michael Flint, again writes to K-2 and states that "Neil Pryde Limited has reasonable grounds to assert that K2's Cinch binding infringes US Patent 5,971,423." (January 7 Letter at Exhibit E).

15. Most recently, on July 6, 2005, Anthony Scaturro sent an email to K-2 wherein he threatened that if K-2 failed to execute a license agreement for the '423 Patent by July 30, 2005, "Neil Pryde Limited [would] execute it [sic] legal right to defend it's [sic] property and [would] pursue the matter to the limit of the law." (July 6 Letter at Exhibit F). Prior to this communication, Mr. Scaturro had sent a proposed license agreement to K-2. (License Agreement at Exhibit G).

B. **An Actual Controversy Exists**

16. K-2 actually produces and markets the accused CINCH Binding in the United States and abroad.

17. As detailed above, Neil Pryde sent not one, but five separate communications to K-2 raising the issue of K-2's alleged patent infringement on account of K-2's sales and marketing of the CINCH Binding.

18. In these communications, Neil Pryde expressly states that K-2's CINCH Binding is covered by the claims of the '423 Patent and demands that K-2 agree to Neil Pryde's license terms.

19. In these communications, Neil Pryde expressly threatens to "seek alternative options available to us in order to protect our assets," and to pursue these options "to the limit of the law."

20. Nowhere in these communications does Neil Pryde express an intention *not* to sue.

21. In light of the foregoing, K-2's apprehension of suit is reasonable under the totality of the circumstances, and this Court may therefore properly exercise its declaratory judgment jurisdiction in this matter pursuant to 28 U.S.C. § 2201(a) and 2202.

## COUNT I

### (Declaratory Judgment)

22. K-2 realleges paragraphs 1-21 as if fully set forth herein.

23. K-2 is entitled to a declaratory judgment that its CINCH Binding does not infringe any claim of the '423 Patent, either literally or under the doctrine of equivalents.

### PRAYER FOR RELIEF

WHEREFORE, K-2 prays as follows:

A. that this Court render judgment that K-2's CINCH Binding does not infringe any claim of U.S. Patent No. 5,971,423, either literally or under the doctrine of equivalents;

B. that K-2 be awarded its costs and attorneys fees in this action; and

C. for such other further relief as the Court deems just and proper.

Dated this 19 day of July, 2005.

_____
Alexander M. Bullock (D.C. Bar # 446168)
KILPATRICK STOCKTON, LLP
607 14th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-5800
Facsimile: (202) 508-5858
Email: ambullock@kilpatrickstockton.com

*Of Counsel*

Jerald E. Nagae, WSBA 8,521
Gregory F. Wesner, WSBA 30,241
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC
1420 5th Avenue, Suite 2800
Seattle, Washington 98101
Phone (206) 682-8100
Fax (206) 224-0779