Dated the          day of                2005

# AGREEMENT

WILKINSON & GRIST

SOLICITORS & NOTARIES

HONG KONG

AF:P169-871

This Agreement is on the _____ day of _____ 2005.

BETWEEN:

(1) **NEIL PRYDE LIMITED** of 20th Floor, YKK Building Phase 2, No. 2 San Lik Street, Tuen Men, New Territories, HONG KONG ("**Licensor**"); and

(2) **K2 SPORTS** of _____
   _____ ("**Licensee**")

WHEREAS:-

A. Goodwell International Limited "GIL" is the proprietor of an invention relating to a binding for sports equipment which is the subject matter of the patent registrations and applications listed in Schedule A hereto ("**Patent/Patents**"). By virtue of an Agreement dated the 9th day of November 2004 between GIL and Licensor, Licensor was granted inter alia the sole and exclusive right to exploit the Patents throughout the world.

B. Licensee desires to obtain a license under the terms and conditions specified herein.

NOW THEREFORE, the parties agree as follows:-

1. DEFINITIONS

   Unless otherwise specifically set forth herein, the following terms shall have the following meanings:

   1.1 "**Licensed Patents**" shall mean any one or more of the Patents.

   1.2 "**Licensed Products**" shall mean all products, the manufacture, use or sale of which is covered by one or more claims of the Licensed Patents, which Licensed Patents have neither expired nor been held invalid by a court or other body of competent jurisdiction from which no appeal has been or may be taken.

   1.3 "**Territory**" shall mean the whole world.

1.4 "Term" shall commence from the date of this Agreement untill the lapse or expiration of the longest lived Patent or revocation beyond appeal of the last remaining Patent.

2. GRANT

2.1 Subject to the fulfillment by Licensee of all the terms and conditions of this Agreement, Licensor hereby grants to Licensee and the Licensee hereby accepts a non-exclusive, non-transferable license under the Licensed Patents for the Term thereof to make, supply and sell Licensed Products in the Territory, without the right to grant sub-licenses to any party.

2.2 Licensee shall mark or cause to be marked in a legible manner on some conspicuous part of each Licensed Product words indicating a license obtained from Neil Pryde Limited under one or more of the Licensed Patents.

3. FEES

3.1 Within thirty (30) days after execution of this Agreement, Licensee shall pay to the Licensor a non-refundable license fee of US$5,000.

4. CONFIDENTIALITY

4.1 Each party undertakes to keep the terms of the present license confidential save that there exists a license between the parties in relation to the Licensed Patents. Should any party act in breach of this Clause, it shall forthwith pay to the other party upon demand all costs incurred and damages suffered by the latter as a result of such breach.

5. LIABILITY

5.1 Licensee shall defend, indemnify and hold Licensor harmless against any and all liability, damage, loss, cost or expense resulting from any claim, suit or other action arising out of or based on Licensee's manufacture, use, supply or sale of any Licensed Product; provided, however, that upon the filing of any such claim or suit, Licensee shall promptly notify Licensor and permit Licensor, at Licensor's cost, to handle and control such claim or suit and shall cooperate in the defense thereof.

6. INTELLECTUAL PROPERTY RIGHTS AND PATENT INFRINGEMENT

    6.1    Licensee irrevocably acknowledges that Licensor is the owner of all intellectual property rights subsisting in the Licensed Patents and such rights are at all times valid and subsisting. Licensee undertakes not to commit any acts which would contest, impair, challenge, invalidate or jeopardise any of such rights, or authorize others to do so.

    6.2    Licensee shall notify Licensor of any infringement by third parties of the Licensed Patents and shall provide Licensor with the available evidence, if any, of such infringement.

    6.3    Licensor shall retain the sole right, at its sole discretion, to enforce the Licensed Patents against third party infringers. If requested by Licensor, Licensee shall provide all necessary assistance including but not limited to execute all documents necessary and testify in court whenever required by Licensor in order to protect and enforce Licensor's rights and interests in the Licensed Patents. Licensor shall be responsible for all expenses incurred in taking action against infringement as well as any damages received.

    6.4    Nothing in this Agreement shall be construed as a representation made or warranty given by Licensor that the practice by Licensee of the license granted hereunder will not infringe the patent rights of any third party.

7. TERM AND TERMINATION

    7.1    This Agreement shall come into force as of its effective date and shall continue in full force and effect during the Term, unless earlier terminated as provided herein.

    7.2    Each party shall have the right to terminate this Agreement and the license granted hereunder upon thirty (30) days' written notice to the other party for the latter's material breach of this Agreement if that party has failed to cure such breach within thirty (30) days of notice thereof.

    7.3    Either party may terminate this Agreement if, at any time, the other party becomes insolvent, or if an order is made or a resolution is passed for the winding up of the other party (other than voluntarily for the purpose of solvent amalgamation or reconstruction), or if an administrator, administrative receiver or receiver is appointed in respect of the whole or any part of the other party's assets or business, or if the other party makes any composition with its creditors or takes or suffers any similar or analogous action in consequence of debt.

7.4 Upon expiry or termination of this Agreement, all of the rights of Licensee granted herein shall cease absolutely and immediately. Within one month from the date of expiry or termination, Licensee shall provide an inventory statement to Licensor setting out clearly all completed stock and work-in-progress of the Licensed Products which remain on hand as at the date of termination. Licensor shall then give directions to Licensee as to the way such goods are to be disposed of but in any event, Licensee undertakes not to sell, supply or otherwise dispose of such goods without written consent from Licensor.

8. MISCELLANEOUS PROVISIONS

8.1 Neither this Agreement nor any interests hereunder shall be assignable by Licensee without the written consent of Licensor.

8.2 This Agreement shall be deemed to have been entered into and shall be construed and enforced in accordance with the laws of Hong Kong and the parties submit to the non-exclusive jurisdiction of the Hong Kong courts.

8.3 Nothing in this Agreement is intended or shall be deemed to constitute a partnership, agency, employer-employee, or joint venture relationship between the parties.

8.4 This Agreement constitutes and contains the entire agreement of the parties and supersedes any and all prior negotiations, correspondence, understandings and agreements between the parties in respect of the subject matter hereof. This Agreement may be amended or modified or one or more provisions thereof waived only by a written instrument signed by the parties.

8.5 In the event any one or more of the provisions of this Agreement should for any reason be held by any court or authority having jurisdiction over this Agreement or any of the parties hereto to be invalid, illegal or unenforceable, such provision or provisions shall be validly reformed to as nearly approximate the intent of the parties as possible and if unreformable, the parties shall meet to discuss what steps should be taken to remedy the situation. The other parts of this Agreement shall not be affected.

8.6 Except as otherwise expressly provided herein, the parties expressly disclaim all warranties, express or implied, including without limitation warranties of merchantability, fitness for a particular purpose, or non-infringement.

8.7    Any notice, request, approval or other document required or permitted to be given under this Agreement shall be in writing and shall be deemed to have been sufficiently given when sent by hand, mail or fax to the relevant party at its address or fax number set out below or to such other address as may be notified in writing from time to time by the relevant party:

If to Licensor, addressed to: 20th Floor, YKK Building Phase 2, No. 2 San Lik Street, Tuen Men, New Territories, HONG KONG

If to Licensee, addressed to:


or to such other address or addresses as may be specified from time to time by written notice.


IN WITNESS WHEREOF, Licensor and Licensee have caused this Agreement to be executed.


SIGNED by  Licensor                )
                                   )
this         day of                )
                                   )
in the presence of:-               )
                                   )




SIGNED by                          )
                                   )
for and on behalf of Licensee      )
                                   )
this         day of                )
                                   )
in the presence of:-               )
                                   )

- 5 -

Case 1:05-cv-01426-RBW   Document 1-8   Filed 07/19/2005   Page 7 of 8

<u>Schedule A</u>

USA Patent Registration No. 5,971,423

German Patent Registration No. 196 42 887

Swiss Patent Registration No. 691 663

Austrian Patent Registration No. 409 457

Canadian Patent Application No. 2,188,084