UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| K-2 CORPORATION, an Indiana corporation,<br><br>　　Plaintiff/Counter-defendant<br><br>　　v.<br><br>GOODWELL INTERNATIONAL LIMITED, a Virgin Islands (Br.) Limited Company; and NEIL PRYDE LIMITED, a Hong Kong corporation<br><br>　　Defendant/Counter-Plaintiff | No. 1:05 CV 01426 (RBW)<br><br>REPLY TO COUNTERCLAIMS |

Plaintiff/Counter-defendant K-2 Corporation ("K-2") hereby replies to the Counterclaims of Defendants/Counterclaimants Goodwell International Limited ("Goodwell") and Neil Pryde Limited ("Pryde") (collectively "Counterclaimants") as follows:

## COUNTERCLAIMS

1.　K-2 is required neither to admit or deny the averments of Paragraph 1 of the Counterclaims.

## INTRODUCTION

2.　K-2 denies that it has copied patented features from Counterclaimants or Flow. K-2 is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 2 of the Counterclaims.

3.　K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3 of the Counterclaims.

4.　K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4 of the Counterclaims.

5.　K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 5 of the Counterclaims.

6. K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 6 of the Counterclaims.

7. K-2 denies that it used its influence to discredit Flow's bindings. K-2 is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 7 of the Counterclaims.

8. K-2 admits that in 2003 it introduced its CINCH binding, which was K-2's first binding to use a top-entry hybrid design. K-2 denies the remaining averments of Paragraph 8 of the Counterclaims.

9. K-2 admits the averments of Paragraph 9 of the Counterclaims.

10. K-2 admits that it typically reviews competitors' products and therefore may have obtained a Flow reclining highback binding during the development of its CINCH binding. K-2 denies the remaining averments of Paragraph 10 of the Counterclaims.

11. K-2 admits that it examined Flow bindings with a reclining highback feature before finishing development of the CINCH binding. K-2 denies the remaining averments of Paragraph 11 of the Counterclaims.

12. K-2 admits the averments of Paragraph 12 of the Counterclaims.

13. K-2 admits the averments of Paragraph 13 of the Counterclaims.

14. K-2 admits the averments of Paragraph 14 of the Counterclaims.

15. K-2 admits the averments of Paragraph 15 of the Counterclaims.

16. K-2 admits the averments of Paragraph 16 of the Counterclaims.

17. K-2 admits the averments of Paragraph 17 of the Counterclaims.

18. K-2 admits the averments of Paragraph 18 of the Counterclaims.

19. K-2 admits the averments of Paragraph 19 of the Counterclaims.

20. K-2 admits the averments of Paragraph 20 of the Counterclaims.

21. K-2 admits the averments of Paragraph 21 of the Counterclaims.

22. K-2 admits the averments of Paragraph 22 of the Counterclaims.

## PARTIES

23. K-2 admits that the averments of Paragraph 23 of the Counterclaims appear to be true.

24. K-2 admits that the averments of Paragraph 24 of the Counterclaims appear to be true.

25. K-2 admits the averments of Paragraph 25 of the Counterclaims.

## JURISDICTION

26. K-2 admits that this action arises under the Patent Act of the United States, Title 35, and that this Court has subject matter jurisdiction as to the counterclaims, under 28 U.S.C. §§ 1331 and 1338(a). K-2 is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 26 of the Counterclaims.

## VENUE

27. K-2 admits that venue is at present proper in this district because of K-2's declaratory judgment action. K-2 denies the remaining averments of Paragraph 27 of the Counterclaims.

## CLAIM 1

(Infringement of United States Patent No. 5,971,423)

28. K-2 repeats and realleges each and every preceding paragraph as though fully set forth herein.

29. K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29 of the Counterclaims as regards the relevant records of the United States Patent and Trademark Office and their relationship to the '423 patent. K-2 admits the remaining averments of Paragraph 29 of the Counterclaims.

30. K-2 denies the averments of Paragraph 30 of the Counterclaims.

31. No response to Paragraph 31 is necessary as it calls for a legal conclusion. K-2 admits that the CINCH binding is a snowboard binding.

32. No response to Paragraph 32 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

33. No response to Paragraph 33 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

34. No response to Paragraph 34 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

35. No response to Paragraph 35 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

36. No response to Paragraph 36 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

37. No response to Paragraph 37 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

38. No response to Paragraph 38 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

39. No response to Paragraph 39 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

40. No response to Paragraph 40 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

41. No response to Paragraph 41 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

42. No response to Paragraph 42 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

43. No response to Paragraph 43 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

44. No response to Paragraph 44 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '423 patent.

45. K-2 denies the averments of Paragraph 45 of the Counterclaims.

46. K-2 denies the averments of Paragraph 46 of the Counterclaims.

47. K-2 denies the averments of Paragraph 47 of the Counterclaims.

## CLAIM 2

(Infringement of United States Patent No. 5,918,897)

48. K-2 repeats and realleges each and every preceding paragraph as though fully set forth herein.

49. K-2 is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 49 of the Counterclaims as regards the relevant records of the United States Patent and Trademark Office and their relationship to the '897 patent. K-2 admits the remaining averments of Paragraph 49 of the Counterclaims.

50. No response to Paragraph 50 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

51. No response to Paragraph 51 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

52. No response to Paragraph 52 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

53. No response to Paragraph 53 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

54. No response to Paragraph 54 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

55. No response to Paragraph 55 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

56. No response to Paragraph 56 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

57. No response to Paragraph 57 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

58. No response to Paragraph 58 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

59. No response to Paragraph 59 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

60. No response to Paragraph 60 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

61. No response to Paragraph 61 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

62. No response to Paragraph 62 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

63. No response to Paragraph 63 is necessary as it calls for a legal conclusion. K-2 denies that it infringes the '897 patent.

64. K-2 denies the averments of Paragraph 64 of the Counterclaims.

65. K-2 denies the averments of Paragraph 65 of the Counterclaims.

66. K-2 denies the averments of Paragraph 66 of the Counterclaims.

67. K-2 denies any averments of the Counterclaims that have not been otherwise admitted, explained, modified, or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

K-2 does not infringe and never has infringed, directly or indirectly, any valid claim of the patent-in-suit.

### THIRD AFFIRMATIVE DEFENSE

Each claim of the patent-in-suit is invalid for failure to satisfy the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is limited by 35 U.S.C. § 287 to only those damages occurring after notice of infringement.

**FIFTH AFFIRMATIVE DEFENSE**

K-2 reserves the right to assert additional defenses that may be developed through discovery in this action.

WHEREFORE, K-2 respectfully requests that judgment be entered against Defendants/Counterclaimants and in favor of K-2, and that K-2 be awarded its costs incurred in this action.

*/s/ Alexander M. Bullock*
Alexander M. Bullock, (D.C. Bar No. 446168)
Attorney for K-2 Corporation
Kilpatrick Stockton, LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
Telephone No.:  (202) 508-5800
Facsimile No.:  (202) 585-0065
E-mail:  abullock@kilpatrickstockton.com

February 22, 2006

Of Counsel:

Jerald E. Nagae, WSBA No.:  8,521
W. David Shenk, WSBA No.:  30,797
Christensen, O'Connor, Johnson, Kindness, PLLC
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  nagae@cojk.com, david@cojk.com,

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia, using the ECF system which will send notification of such filing to the following:

Linda Liu Kordziel
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, D.C. 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331
Email: kordziel@fr.com

John E. Gartman
Todd G. Miller
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858.678.5070
Facsimile: 858.678.5099
E-mail: gartman@fr.com, miller@fr.com

*Attorneys for Defendants and Counterclaimants*
*Goodwell International Limited and Neil Pryde Limited*

_____
Alexander M. Bullock