UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

K-2 CORPORATION, an Indiana
corporation,

       **Plaintiff/Counter-defendant**

       v.

**GOODWELL INTERNATIONAL LIMITED,**
**a Virgin Islands (Br.) Limited Company; and**
**NEIL PRYDE LIMITED, a Hong Kong**
**corporation**

       **Defendant/Counter-Plaintiffs**

No. 1:05 CV 01426 (RBW)

## JOINT REPORT REGARDING LCvR 16.3 MEETING

Plaintiff/Counter-defendant K2 Corporation ("K-2 Corporation"), Defendants/Counter-plaintiffs Goodwell International Limited ("Goodwell International") and Neil Pryde Limited ("Neil Pryde") hereby submit the following Report regarding their meeting pursuant to LCvR 16.3 of the Local Rules for the United States District Court for the District of Columbia.   During this meeting, held on May 2, 2006, the parties discussed the following issues:

(1)    **Is the case likely to be disposed of by dispositive motion?**

    K-2 Corporation believes that this case is unlikely to be disposed of on motions prior to the resolution of the claims construction issues.  Goodwell International and Neil Pryde believe that the case is unlikely to be disposed of by dispositive motions.

(2)    **By what date shall other parties be joined or the pleadings amended?  Can some or all of the factual and legal issues can be agreed upon or narrowed?**

    The parties proposed that August 31, 2006 as the final date by which other parties should be joined and the pleadings amended in this matter.  The parties do not believe that the factual and legal issues can be agreed upon or narrowed at this time.

**(3)     Should the case be assigned to a magistrate judge for some or all purposes, including trial?**

The parties would consent for this case to be assigned to a magistrate judge for the purpose of addressing issues related to discovery.

**(4)     Is there a realistic possibility of settling the case?**

Although they have engaged in settlement discussions which have been unsuccessful to date, the parties are interested in using the Alternative Dispute Resolution Services ("ADR") of the United States District Court for the District of Columbia, or a private mediator, at an early stage in the case.

**(5)     Could the case benefit from the Court's alternative dispute resolution procedures?**

The parties are interested in utilizing the services of a mediator from either the ADR office or a private mediator.  K2 Corporation would prefer using a mediator who is familiar with patent law or who is a patent law practitioner.

**(6)     Can the case be resolved by summary judgment or by motion to dismiss.  If so, identify a proposed briefing schedule for dispositive motions?**

The parties believe that the case could be resolved by summary judgment but not by motions to dismiss.  The parties have agreed to a proposed briefing schedule for dispositive motions, as set forth in the attached proposed Scheduling Order.

**(7)     Have the parties stipulated to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of these disclosures?**

The parties believe that it would be appropriate to provide the information required under Fed. R. Civ. P. 26(a)(1) and to retain the normal scope and form of these disclosures.  The parties respectfully request that the exchange of initial disclosures should occur on or before June 30, 2006.

**(8)    How long is discovery expected to take in this matter?  What limits should be placed on discovery?  Is a protective order appropriate?  When should discovery be completed, including answers to interrogatories, document production, requests for admissions, and depositions?**

The parties have agreed upon a proposed schedule for discovery set forth in a proposed scheduling order that is attached to this Report.   The parties propose that all fact discovery should close on February 2, 2007.  All discovery requests shall have a response date set on or before the close of discovery.  All fact depositions shall be completed by the close of discovery. The parties believe that a protective order will be necessary and shall submit a proposed order for the Court's review.

**(9)    Should the requirement of an exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) be modified?  When should the depositions of experts occur?**

The parties do not believe that the requirements of Fed. R. Civ. P. 26(a)(2) should be modified; however, the  parties have agreed upon a proposed modified schedule for expert discovery, as set forth in the proposed Scheduling Order.

**(10)    If this matter is a class action, what procedures are appropriate for dealing with Rule 23 proceedings, including the need for and timing of discovery?  What is an appropriate schedule for filing a Rule 23 motion, submission of the opposition and reply memoranda, scheduling oral argument and/or an evidentiary hearing, and a proposed date for a hearing?**

This matter is not a class action.

**(11)    Should the trial and/or discovery be bifurcated?  If so, please provide a specific proposal for such bifurcation.**

The parties agree that neither discovery nor the trial should be bifurcated.

**(12)    Please provide a proposed date for the pretrial conference.**

Under the terms of the proposed Scheduling Order, the parties have proposed December 4, 2007, as the date for the pretrial conference.

**(13)    Should the Court set a firm trial date at the initial scheduling conference or provide that the trial date will be set within 30 to 60 days after the pretrial conference?**

The parties respectfully request that the Court set the trial for a date within 30 to 60 days following the pretrial conference.

**(14)    Are there other matters that the parties believe are appropriate for inclusion in a scheduling order?**

The parties know of no other matters that should be included in the Court's Scheduling Order.

**(15)    Please provide a brief statement of the case.**

On July 19, 2005, K-2 filed a complaint for declaratory judgment of noninfringement of U.S. Patent No. 5,971,423 (the '423 Patent).  On January 10, 2006, Goodwell International and Neil Pryde answered and counterclaimed for willful infringement of the '423 Patent, as well as U.S. Patent No. 5,918,897 (the '897 Patent). The asserted patents generally relate to binding for athletic gear.  The statutory basis for all causes of action and defenses arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Act, 35 U.S.C. § 101 et seq.

Respectfully submitted.

_____
Alexander M. Bullock (D. C. Bar No. 446168)
Kilpatrick Stockton, LLP
607 14th Street, NW, Suite 900
Washington, DC  20005
Telephone No.:  (202) 508-5800
Facsimile No.:  (202) 508-5885
E-mail:  abullock@kilpatrickstockton.com

/s/ (Signed with permission)
_____
Linda Liu Kordziel (D. C. Bar No. 446386)
Fish & Richardson, P.C
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331
E-mail:  kordziel@fr.com

Jerald E. Nagae (nagae@cojk.com)
W. David Shenk (david@cojk.com)
Christensen, O'Connor, Johnson & Kindness
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
206.682.8100
206.224.0779 (fax)

Counsel for K-2 Corporation

John E. Gartman (gartman@fr.com)
Todd G. Miller (miller@fr.com)
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: 858-678-5070
Facsimile: 858-678-5099

Counsel for Goodwell International Limited &
Neil Pryde Limited

May 16, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

K-2 CORPORATION, an Indiana
corporation,

      **Plaintiff/Counter-defendant**

      v.

**GOODWELL INTERNATIONAL LIMITED,**
**a Virgin Islands (Br.) Limited Company; and**
**NEIL PRYDE LIMITED, a Hong Kong**
**corporation**

      **Defendant/Counter-Plaintiffs**

No. 1:05 CV 01426 (RBW)

### Proposed Scheduling Order

Based upon the Rule 16.3 Joint Report submitted by the parties and the discussion with

counsel for the parties during the May 23, 2006, Initial Scheduling Conference, it is hereby

ORDERED that the schedule in this matter be set as follows

| | |
|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | June 30, 2006 |
| Amendment of Pleadings/Joinder of Parties | August 31, 2006 |
| Close of Fact Discovery | February 2, 2007 |
| Expert Witness Reports Due | March 2, 2007 |
| Rebuttal Expert Witness Reports | March 30, 2007 |
| Close of Expert Discovery | April 30, 2007 |
| Claims Construction Briefs | June 4, 2007 |
| Claims Construction Responsive Briefs | June 25, 2007 |
| Potential Claims Construction Hearing | July  , 2007 |
| Summary Judgment Motions due | September 10, 2007 |
| Summary Judgment Responsive Briefs due | October 8, 2007 |
| Summary Judgment Reply Briefs | October 22, 2007 |
| Summary Judgment Hearing | November  , 2007 |
| Pretrial Hearing | December 4, 2007 |

 

_____
The Hon. Reggie B. Walton
United States District Judge

May __, 2006